# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO.: 5:09-CV-129-DCK

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| INSITE DEVELOPMENT & DESIGN, INC.; E & H LEASING COMPANY, LLC; CHRIS ALDEN HOLMAN; LAURA F. HOLMAN; and JOSEPH RANDALL ELLER, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and by and with the consent of the parties, it is hereby ordered:

1. Until further Order by the Court for good cause shown, this Consent Protective Order shall protect and govern the terms of disclosure of a class of documents to be produced by counsel for the Plaintiff First National Insurance Company of America ("Plaintiff" or "First National") concerning the underwriting process related to bonds provided by the Plaintiff to Insite Development & Design, Inc. These documents include, but are not limited to, documents from underwriting files and written policies concerning underwriting.

2. Pursuant this Consent Protective Order, any document produced by the Plaintiff which the Plaintiff deems to be in the class of documents described in Paragraph 1 and, thus, confidential, shall be stamped "Confidential – Subject to Protective Order." This Consent Protective Order shall govern the use of all documents described in Paragraph 1 and marked "Confidential – Subject to Protective Order" as well as deposition testimony concerning any document marked "Confidential – Subject to Protective Order", as well as the information contained therein (hereinafter collectively referred to as "Confidential Discovery Materials"). All such Confidential Discovery Materials shall be used by the receiving party only as set forth in this Order.

3. The Confidential Discovery Materials may be disclosed only to the following persons:

(a) Attorneys of record for the Defendants and the staff of their respective law firms, working on this case;

(b) Persons who are expected to serve as consulting or testifying expert witnesses on behalf of the Defendants in connection with this case;

(c) The Defendants, but only to the extent disclosure is necessary to assist in the prosecution or defense of this litigation;

(d) The Court, subject to the provisions of this Order concerning the filing of Confidential Discovery Materials;

(e) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case; and

(f) Any other person to whom disclosure is allowed by agreement of counsel for the parties or to whom the Court orders or allows disclosure after notice and opportunity for hearing.

All persons in categories (b), (c), and (f) will be required to read this Consent Protective Order and sign the Acknowledgment Form attached as Exhibit A.

4. With respect to testimony deemed by Plaintiff's counsel to be "Confidential – Subject to Protective Order", counsel for Plaintiff shall, within fourteen (14) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials. During this fourteen-day period, the entire transcript shall be treated as though it was designated "Confidential" and shall be disclosed only to those persons listed in paragraph 4 above.

5. In the event that Plaintiff's counsel inadvertently fails to designate any information "Confidential – Subject to Protective Order", the Plaintiff, having produced that information may within fourteen (14) days of discovery of the mistake designate the material "Confidential – Subject to Protective Order" by notifying the receiving party in writing. Each side shall then treat the information as Confidential Discovery Materials until further order of the Court.

6. Confidential Discovery Materials shall not be used by or communicated to any person or entity except as permitted in this Consent Protective Order and shall not be used for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this case.

7. As described above, before disclosing Confidential Discovery Materials to authorized persons, the attorney disclosing the materials shall advise such persons of the restrictions of this Consent Protective Order and shall obtain written assurance in the form attached as Exhibit A from those persons, who shall required to sign Exhibit A and agree to be bound by its provisions.

8. No person who obtains access to Confidential Discovery Materials pursuant to this Consent Protective Order may disclose that information to any persons other than those

permitted access under this Consent Protective Order, unless he/she first secures the written consent of Plaintiff or obtains permission from the Court, upon motion, with notice to all parties.

9. Unless otherwise agreed by the parties or their counsel, any Confidential Discovery Materials attached to or incorporated in any pleading, motion, deposition transcript, or other paper filed with the Court shall be filed under seal in compliance with Local Rule of Civil Procedure 6.1 and kept under seal until further order of the Court. This Court reserves ruling on the use at trial of Confidential Discovery Materials.

10. The mere designation of information as "Confidential – Subject to Protective Order" for purposes of this Consent Protective Order shall have no evidentiary significance in this action, shall not affect a party's burden of proof, and shall not be conclusive as to the Court's ruling on the status of discovery materials under paragraph 12 below.

11. After the termination of all proceedings relating to this matter, the Court shall issue a final order regarding the ultimate disposition of all Confidential Discovery Materials, as set forth in Section II.F. of the Pretrial Order and Case Management Plan. The prohibitions of this Consent Protective Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this matter.

12. Except with respect to the designation of particular documents whose designation is agreed to by the parties prior to or at the time of the designation as Confidential Discovery Materials, any party may apply to the Court for an order modifying this Consent Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials, or further protecting such materials or information. Prior to making such application, the party must attempt to resolve the matter with opposing counsel. At any time the parties may, by mutual agreement, remove

designations regarding or reclassify Confidential Discovery Materials, or provide protected status for discovery materials in this action.

13. The parties shall in all respects abide by the terms of this Protective Order.

**SO ORDERED:**

Signed: June 2, 2010

David C. Keesler
United States Magistrate Judge

**CONSENTED TO:**

**By:** _____
Bentford E. Martin
Hamilton Moon, Stephens, Steele & Martin, PLLC
2020 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244
*Attorney for Defendants Insite Development & Design, Inc.*
*E & H Leasing Company, LLC, Chris Alden Holman, and*
*Laura F. Holman*

**By:** _____
M. Aaron Lay
Hamilton Moon, Stephens, Steele & Martin, PLLC
2020 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244
Telephone: (704) 344-1117
Facsimile: (704) 244-1483
*Attorney for Defendants Insite Development & Design, Inc.*
*E & H Leasing Company, LLC, Chris Alden Holman, and*
*Laura F. Holman*

**By:** _____
Stephen W. Kearney
1401 E. 7th Street, Suite 200
Charlotte, North Carolina 28204
*Attorney for Defendant Joseph Randall Eller*

**By:** _____
Robert Copeland
*Admitted Pro Hac Vice*
Copeland & Bieger, P.C.
212 West Valley Street
P.O. Box 1296
Abingdon, Virginia 24212
*Attorney for Defendant Joseph Randall Eller*

**CONSENTED TO:**

**By:** _____
Katherine Freeman
Katherine Freeman, PLLC
338 South Sharon Amity Road
Box 260
Charlotte, North Carolina  28211
*Attorney for Defendant Joseph Randall Eller*


**By:** _____
William H. Sturges
Shumaker, Loop & Kendrick, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202
*Attorneys for Plaintiff First National
Insurance Company of America*


**By:** _____
Bonnie Keith Green
Shumaker, Loop & Kendrick, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202
*Attorneys for Plaintiff First National
Insurance Company of America*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:09-cv-129-RLV-DCK

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> INSITE DEVELOPMENT & DESIGN, INC.; E & H LEASING COMPANY, LLC; CHRIS ALDEN HOLMAN; LAURA F. HOLMAN; and JOSEPH RANDALL ELLER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONSENT PROTECTIVE ORDER

I, _____, do hereby certify that I have read and agree to be bound by and subject to that certain Consent Protective Order dated _____ _____, 2010, entered in the above-referenced action, and I subject myself to the jurisdiction and venue in the United States District Court for purposes of enforcement of the Consent Protective Order.

This the ____ day of _____, 2010.

_____
Signature

_____
Printed Name